IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 1:08-cv-00704 |
| Plaintiff, | |
| | COMPLAINT |
| v. | |
| WILCOHESS, LLC | **JURY TRIAL DEMAND** |
| Defendant. | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Bridgette Boston who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant WilcoHess, LLC ("Defendant") discriminated against Bridgette Boston by subjecting her to a sexually hostile work environment because of her sex, female. The Commission further alleges that Defendant discriminated against Ms. Boston by significantly reducing her work hours in retaliation for complaining about the sexually hostile work environment, forcing her to resign.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Winston-Salem, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Bridgette Boston filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around November 2006 until February 2007, Defendant engaged in unlawful employment practices at Store No. 105, located in Winston-Salem, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant subjected Bridgette Boston to sexual harassment that created a sexually hostile work environment based on her sex, female. The sexual harassment was severe or pervasive and was perpetrated by the store's General Manager who had direct supervisory authority over Ms. Boston. The sexual harassment included, but was not limited to, unwelcome sexual comments, sexual touching, and sexual propositions. Although Ms. Boston complained to Defendant about the sexual harassment on or about February 5, 2007, Defendant failed to act reasonably to stop the harassment.

8. On or about February 19, 2007, Defendant engaged in unlawful employment practices at its Store No. 105, located in Winston-Salem, North Carolina, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by reducing Ms. Boston's work hours because she opposed employment practices made unlawful by Title VII. Specifically, Ms. Boston complained about sexual harassment on or about February 5, 2007. On or about February 19, 2007, Defendant reduced her work hours in retaliation for complaining about the sexual harassment. Ms. Boston would have suffered such

economic hardship because of the substantial reduction in her work hours, that she reasonably felt compelled to resign.

9. The effect of the practices complained of in paragraph 7 has been to deprive Bridgette Boston of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

10. The effect of the practices complained of in paragraph 8 has been to deprive Bridgette Boston of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices made unlawful under Title VII.

11. The unlawful employment practices complained of in paragraphs 7 and 8 were intentional.

12. The unlawful employment practices complained of in paragraphs 7 and 8 were done with malice or with reckless indifference to the federally protected rights of Bridgette Boston.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment or from any other employment practice that discriminates on the basis of sex, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Bridgette Boston by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraphs 7 and 8, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Bridgette Boston by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8, in amounts to be determined at trial.

E. Order Defendant to make whole Bridgette Boston by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Bridgette Boston punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

This the 30th day of September, 2008.

    Respectfully submitted,

    RONALD S. COOPER
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel
    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    1801 L Street, N.W.
    Washington, D.C. 20507

    s/ Lynette A. Barnes
    LYNETTE A. BARNES (NC Bar # 19732)
    Regional Attorney

    TINA M. BURNSIDE
    Supervisory Trial Attorney

    s/ Darryl L. Edwards
    DARRYL L. EDWARDS (PA Bar # 205906)
    Trial Attorney
    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    Charlotte District Office
    129 West Trade Street, Suite 400
    Charlotte, North Carolina 28202
    (704) 344-6875 (Direct Dial)
    (704) 344-6870 (Facsimile)
    darryl.edwards@eeoc.gov

    **ATTORNEYS FOR PLAINTIFF**