IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | 1:08-cv-00704 |
| Plaintiff, | ) ) | |
| and | ) ) | |
| BRIDGETTE L. BOSTON, | ) ) | |
| Plaintiff-Intervenor | ) ) ) | |
| v. | ) ) | |
| WILCOHESS, LLC | ) ) | |
| Defendant. | ) | |

FILED AUG 28 2009 IN THIS OFFICE Clerk, U.S. District Court Greensboro, N.C. By _____

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") and Plaintiff-Intervenor Bridgette L. Boston ("Boston") instituted this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Plaintiffs alleged that Defendant WilcoHess, LLC ("Defendant") subjected Boston to a sexually hostile work environment because of her sex, female. The Plaintiffs further alleged that Defendant discriminated against Boston by significantly reducing her work hours in retaliation for complaining about the sexually hostile work environment,

forcing her to resign. Defendant denies that Boston was subjected to a sexually hostile work environment because of her sex or for any other reason, denies that she was retaliated against for any reason, and denies that she was forced to resign based on a reduction in her work hours, or for any other reason.

The Commission, Boston, and Defendant hereby stipulate to jurisdiction of the court over the parties and agree that the subject matter of this action is properly before the court. The parties have advised this court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this court, made on the pleadings and the record as a whole, that: (1) the court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not maintain a sexually hostile work environment, or subject female employees to a sexually hostile work environment in violation of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful

under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3. Defendant shall not authorize the disposal of any records relevant to the determination of whether unlawful employment practices have been or are being committed, upon receiving notice of an EEOC charge of discrimination, or upon the filing of a lawsuit by the Commission against Defendant. Defendant agrees to implement, establish, and promulgate a retention policy for written records and communicate that policy to managers and Assistant Managers at every store and will give a copy of such policy to the Commission.

4. Defendant shall pay Boston the sum of seventy-five thousand dollars ($75,000.00) for settlement of the claims raised in this action. Defendant shall issue a check payable to "Bridgette L. Boston" for fifty thousand dollars ($50,000.00) for compensatory damages. Defendant shall issue Boston an IRS Form 1099 for the compensatory damages. Defendant shall also issue another check payable to Sharon Lawson-Davis in the amount of twenty-five thousand dollars ($25,000.00) for Boston's attorney fees. Payment shall be made within fifteen (15) days after the court approves the Consent Decree. Defendant shall mail both checks to Sharon Lawson-Davis at the address listed below. Within ten (10) days after the checks have been sent,

Defendant shall mail a copy of the checks, and proof of their delivery, to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, NC 28202. Neither the Commission nor Defendant make any representation, or assume responsibility for any tax liability, assessments, interest, penalties and/or costs that Boston may or may not incur on such payments under local, state and/or federal law.

5. Within ten (10) days of the entry of this Decree by the court, Defendant shall certify that there are no documents, entries, or references of any kind, relating to EEOC Charge Number 435-2007-00694 in the personnel file of Boston. Within fifteen (15) days of the entry of this Decree by the court, Defendant shall report compliance with this provision to the Commission.

6. When and if Defendant is contacted by a prospective employer of Boston's for an employment reference, Defendant shall provide neutral reference information, consisting of dates of employment and positions held. Defendant shall also change Boston's employment records to show that she is eligible for rehire.

7. During the term of this Decree, Defendant will post its sexual harassment policy, attached as Exhibit A, in each store within Defendant's Northern Region (said stores are

4

identified on the document attached hereto as Exhibit B). The sexual harassment policy will be posted in a place where visible to all employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ninety (90) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

8. During the term of this Decree, Defendant shall provide annual anti-harassment training for all of its managers, supervisors, and employees within Defendant's Northern Region. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against sex discrimination, sexual harassment, and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy against sexual harassment, paragraph 7, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy. The first training program shall be completed within one hundred (100) days after the court enters this Decree. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with a summary of the content for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to

the Commission the specific training which was undertaken, the date of the training, and a roster of all employees who attended. Further, Defendant shall instruct its Store Managers and Assistant Managers to read its sexual harassment policy with each new employee at the time of hiring.

9. Beginning within thirty (30) days after the entry of this Decree by the court, and continuing for the duration of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit C and hereby made a part of this Decree, in each store in the Northern Region, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the court of this Decree. These reports are required for Defendant's Northern Region only. The reports will include the following:

    A. The name, address, telephone number, position, and social security number of each person who complains either verbally or in writing of unwelcome conduct, whether verbal or

physical, which is based on sex;

  B. The name, address, telephone number, position, and social security number of each person who complains either verbally or in writing of retaliation;

  C. The date of the complaint and to whom the complaint was made;

  D. Detailed information regarding the substance of the complaint; and

  E. What action, if any, was taken in response to the complaint.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. Within ninety (90) days of the entry of this Decree by the court, Defendant shall adopt and implement a policy that provides for the preservation of documents once Defendant receives notice of an EEOC charge of discrimination, or once a lawsuit is commenced by the Commission against Defendant. The policy should be in compliance with Title VII, 42 U.S.C. § 2000e-8(c) and C.F.R. § 1602.14. Within ninety (90) days after entry of this Decree, Defendant shall also notify the Commission that a retention policy has been adopted, implemented, and distributed to all managers or supervisors.

12. The Commission may review compliance with this Decree.

As part of such review, the Commission may inspect Defendant's facilities, interview employees, and examine and copy documents. The Commission will provide Defendant with notice of 48 hours before interviewing employees, and examining and copying documents, and will make reasonable efforts to schedule such visits in a manner that is not unduly disruptive to Defendant's operations. The Commission shall provide notice to Vice President of Human Resources Michele Norwood (or, if applicable, to her successor) via e-mail. Defendant's counsel has agreed to provide Ms. Norwood's company e-mail address privately to the Commission. In the event Ms. Norwood is succeeded as Defendant's Vice President of Human Resources, Defendant will promptly notify the Commission of her successor.

13. If anytime during the term of this Decree the Commission believes Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14. The term of this Decree shall be for three (3) years from its entry by the court.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte N.C., 28202.

16. Each party shall bear its own costs and attorney's fees.

17. This court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

**IT IS SO ORDERED.**

                                        /s/ Thomas D. Schroeder
                                     United States District Judge

August 27, 2009

The parties jointly request that the court approve and enter this Consent Decree.

This 25th day of August, 2009.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

**/s Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar 19732)
Regional Attorney
E-mail: lynette.barnes@eeoc.gov

TINA BURNSIDE (WI Bar 1026965)
Supervisory Trial Attorney
E-mail: tina.burnside@eeoc.gov

**/s Darryl L. Edwards**
DARRYL L. EDWARDS (PA Bar 205906)
Trial Attorney
Email: darryl.edwards@eeoc.gov

Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.344.6875
Facsimile: 704.344.6780

**/s Sharon M. Lawson-Davis**
Sharon M. Lawson-Davis
Attorney for Bridgette L. Boston
N.C. Bar # 27934
Gray Johnson & Lawson, LLP
108 N. Elm Street
Greensboro, NC 27401
Telephone: (336) 275-0150
Fax: (336) 275-0155
Email: slawsondavis@live.com

**ATTORNEYS FOR PLAINTIFF**

WILCOHESS, LLC Defendant

**s/ Robin E. Shea**
Robin E. Shea
N.C. State Bar No. 15862
Kenneth P. Carlson, Jr.
N.C. State Bar No. 17361
Of Counsel:
CONSTANGY, BROOKS & SMITH, LLP
100 N. Cherry Street, Suite 300
Winston-Salem, North Carolina 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112
Email: rshea@constangy.com

**ATTORNEYS FOR DEFENDANT**